IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 MJ 97

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PAUL MARTIKAINEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Government's oral motion made pursuant to 18 U.S.C. § 4241 (a) and (b) requesting an evaluation and a hearing to determine the mental competency of Defendant.

A Criminal Complaint was filed on November 1, 2019 charging Defendant with one count of transmitting a threatening communication in interstate commerce in violation of 18 U.S.C. § 875(c). (Doc. 1).

Defendant came before the Court on November 4, 2019 for an initial appearance. However, due to his disruptive behavior, Defendant was removed from the courtroom and his initial appearance was not completed. The Federal Defender's Office was provisionally appointed to represent Defendant in order to consider potential competency issues and prepare for a rescheduled initial appearance.

1

On November 8, 2019, an initial appearance was conducted. Assistant United States Attorney Daniel Bradley appeared for the Government and Assistant Federal Defender Mary Ellen Coleman appeared with Defendant. A request for the appointment of counsel by Defendant was allowed. The Government moved for pre-trial detention.

The Court informed the parties that the United States Marshal's Service had made the Court aware that, when he had appeared previously, Defendant had refused to be processed by the Marshal's Service such that the Marshals were not able to take his fingerprints or photographs, or obtain answers to intake questions. The Government did not make a motion with respect to this issue at the time. Defense counsel made no motion but indicated Defendant would respond should the Government file a motion in the future.

The Court then inquired whether either party wished to make any motions with respect to matters of competency. The Government made an oral motion, which defense counsel joined, that Defendant be evaluated by a psychologist or psychiatrist to determine whether he may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and that a competency hearing be held.

Having considered the motion, relevant authority, and the circumstances of this matter, including the allegations against Defendant in the complaint, his recent involuntary commitment, his conduct at his prior court appearance, and his refusal to be processed by the United States Marshal's Service, the Court finds as follows:

1. Reasonable cause exists to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See 18 U.S.C. § 4241(a).

2. Therefore, a hearing on the issue of Defendant's competency is required pursuant to 18 U.S.C. §4241(a).

3. A psychiatric or psychological examination of Defendant should be conducted prior to the date of the competency hearing and a report filed pursuant to the provisions of 18 U.S.C. § 4247 (b) and (c). See U.S.C. §4241 (b).

**IT IS THEREFORE ORDERED THAT:**

1. Defendant is **COMMITTED** to the care and custody of the Attorney General for placement in a suitable mental health facility ("Facility") where a psychiatric or psychological examination shall be performed to determine if Defendant is presently suffering from a mental disease

or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See 18 U.S.C. §§ 4241(b), 4247(b).

2. The competency examination shall be completed within thirty (30) days unless an extension is allowed as described below. For purposes of determining the 30-day period, the commitment shall be deemed to commence on the day Defendant is admitted to the Facility. The evaluating psychiatrist(s) or psychologist(s) or the Warden or another appropriate representative of the Facility may apply for a reasonable extension of the commitment, not to exceed 15 days, upon a showing of good cause that additional time is necessary to observe and evaluate Defendant.

3. The psychiatrist(s) or psychologist(s) who are designated to examine Defendant shall prepare a psychiatric or psychological report of the competency examination pursuant to the requirements of 18 U.S.C. § 4247(c).

4. Promptly following receipt of the report ordered herein, a hearing shall be scheduled on the issue of Defendant's competency.

5. The United States Marshal shall transport Defendant to the Facility designated by the Attorney General and return Defendant

immediately upon completion of the examination ordered herein to the Western District of North Carolina for further proceedings.

6. Unless impracticable, the psychiatric or psychological examination shall be conducted in the Facility that is closest to the Court.

7. The United States Marshal is permitted a total of ten (10) days from the date of this Order within which to transport Defendant to and from the Facility. Defendant shall remain in the custody of the United States Marshal during transportation. Further, during transport, the United States Marshal shall provide Defendant with medications, if any, prescribed to him by a licensed physician.

8. The psychologist(s) or psychiatrist(s) shall forward any original psychiatric or psychological report prepared pursuant to this Order to the Court and shall submit a copy of the report to the Clerk of the Court, Defendant's counsel, and the United States Attorney.

9. Any request for an extension of time for the commitment described herein must be in writing and mailed to the Clerk of this Court, with copies sent to Defendant's counsel, the United States Attorney, and the United States Marshal.

10. The Clerk is respectfully **DIRECTED** to certify copies of this Order to Defendant's counsel, the United States Attorney, the United States

Marshal, and the designated mental health facility (in the care of the United States Marshal).

Signed: November 14, 2019

W. Carleton Metcalf
United States Magistrate Judge